IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2017

## STATE OF TENNESSEE v. DEXTER DEWAYNE ALCORN

**Appeal from the Circuit Court for Montgomery County**
**No. 41100848     William R. Goodman, III, Judge**

_____

### No. M2016-01678-CCA-R3-CD

_____

The pro se Defendant, Dexter Dewayne Alcorn, appeals the trial court's dismissal of his motion to withdraw his guilty pleas. The notice of appeal was not timely filed, and, accordingly, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

Dexter Dewayne Alcorn, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; John W. Carney, Jr., District Attorney General; and Robert J. Nash, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On September 7, 2011, the Defendant was indicted by the Montgomery County Grand Jury for especially aggravated kidnapping and aggravated robbery. On September 17, 2012, he entered an open guilty plea to both counts, with the sentences to be served concurrently and the total sentence to be "capped at 20 y[ea]rs." On March 1, 2013, the trial court entered judgments reflecting that the Defendant was sentenced as a Range I, standard offender to concurrent sentences of sixteen years at one hundred percent for the especially aggravated kidnapping conviction and ten years at eighty-five percent for the aggravated robbery conviction.

On January 15, 2014, the Defendant filed a pro se document entitled "Post-Conviction Relief Motion," in which he requested that the trial court sentence him as a mitigated offender. On January 29, 2014, the trial court entered an order denying the motion on the basis that more than 120 days had expired since entry of the judgment and it had no jurisdiction to grant the Defendant's motion.

On February 27, 2014, the Defendant filed a pro se petition for post-conviction relief in which he alleged ineffective assistance of trial counsel. Following the appointment of post-conviction counsel, the Defendant filed an amended petition for post-conviction relief in which he incorporated the allegations of ineffective assistance of counsel in his original petition. However, on October 30, 2014, the Defendant, through post-conviction counsel, apparently moved for dismissal of the post-conviction petition. On February 19, 2015, the court granted the motion and dismissed the petition for post-conviction relief.

On May 18, 2016, the Defendant filed a pro se "Motion for Order to Withdraw Guilty Plea" in which he asserted that the punishment he received was "not authorized to [sic] Tennessee Rule of [C]riminal Procedure Rule 11 (c)." The Defendant appears to argue that his sentencing as a Range I, rather than a mitigated, offender caused a "disparity in sentencing," violating the principle that a defendant should be punished by the imposition of a sentence "justly deserved in relation to the seriousness of the offense[.]" In his memorandum in support of the motion, the Defendant also appears to argue that his trial counsel was ineffective for failing to adequately advise him regarding the ramifications of the plea and the potential sentences. Midway through his "Memorandum of Law in Support of Motion to Withdraw Guilty Pleas," the Defendant alternately referred to the pleading as a Rule 36.1 motion to correct an illegal sentence. As best as we can understand his confusing argument, the Defendant appears to assert that the trial court erroneously applied an enhancement factor in sentencing without providing prior notice to the Defendant of its intention to do so, which resulted in the Defendant's guilty pleas being unknowing and involuntary.

The State responded to the Defendant's motion, arguing that the Defendant's convictions became final in April 2013 and, therefore, fell outside the scope of Tennessee Rule of Criminal Procedure 32.

On June 3, 2016, the trial court entered an order denying the Defendant's motion. On August 9, 2016, the Defendant filed an untimely notice of appeal.

-2-

## ANALYSIS

As an initial matter, we must address the Defendant's untimely notice of appeal. Tennessee Rule of Appellate Procedure 4(a) provides that the notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from." Since the motion, the dismissal of which resulted in this appeal, is devoid of any merit, we decline to waive the late filing of the notice of appeal. Accordingly, the appeal is dismissed.

## CONCLUSION

Based on the foregoing authorities and reasoning, the appeal is dismissed.

_____
ALAN E. GLENN, JUDGE